FILED
FEB 14 2003
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

MICHAEL A. LADRA, State Bar No. 064307
RON E. SHULMAN, State Bar No. 178263
IRWIN R. GROSS, State Bar No. 168135
JAMES C. YOON, State Bar No. 177155
BERNARD H. CHAO, State Bar No. 148352
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff
VMWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VMWARE, INC.,<br>Plaintiff,<br>v.<br>CONNECTIX CORPORATION, a California corporation,<br>Defendant. | CASE NO.: C03 00654 WDB<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff VMware, Inc. ("VMware") hereby alleges for its Complaint against defendant Connectix Corporation ("Connectix") as follows:

### The Parties

1. VMware is a Delaware corporation and has a principal place of business at 3145 Porter Drive, Palo Alto, California 94304.

2. On information and belief, Connectix Corp. is a California corporation with its principal place of business at 2955 Campus Drive, San Mateo, California 94403.

**Jurisdiction and Venue**

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1338(a) because this is a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**Background Facts**

5. VMware is engaged in the business of providing high-performance virtual machine software for industry-standard personal computers and servers.

6. On information and belief, Connectix is also in the business of providing virtual machine software for industry-standard personal computers and servers.

**Cause of Action for Patent Infringement**

7. VMware repeats the allegations contained in Paragraphs 1 through 6 above.

8. VMware is the owner of all rights granted by United States Patent No. 6,496,847 B1 ("the '847 patent"), issued on December 17, 2002, and entitled "System and Method for Virtualizing Computer Systems." The '847 patent was duly and legally issued to VMware. A true and correct copy of the '847 patent is attached hereto as Exhibit A.

9. In violation of 35 U.S.C. §271, Connectix directly infringes, has contributed to the infringement of, and induces infringement by others of, the '847 patent by making, using, offering to sell, importing, and selling, among other things, products known as "Virtual PC for Windows," "Virtual PC for Windows with OS/2 Additions," "Virtual PC for OS/2," and "Virtual Server," which fall within the scope of one or more of the claims of the '847 patent.

10. Unless enjoined by this Court, Connectix will continue to infringe the '847 patent, and VMware will suffer damages and irreparable harm. VMware has no plain, speedy, or adequate remedy at law.

11. Connectix's infringement of the '847 patent has caused, and continues to cause, damage to VMware in an amount to be proven at trial.

12. Connectix has infringed and is infringing the '847 Patent with full knowledge of the '847 Patent, and the infringement has been willful and deliberate and continues to be willful and deliberate. This case is exceptional under 35 U.S.C. § 285.

**Requested Relief**

WHEREFORE, VMware requests that the Court enter judgment in its favor and against Connectix as follows:

A. Connectix be adjudicated to be a direct, contributory, and inducing infringer.

B. Granting preliminary and permanent injunctions enjoining Connectix, its officers, agents, representatives, distributors, employees, affiliates, parent and subsidiary corporations, attorneys, and all those in privity or acting in concert with Connectix, from further infringing, contributing to and/or inducing the infringement of the '847 patent;

C. Awarding compensatory damages to VMware according to proof at trial;

D. Awarding increased damages up to three (3) times the amount found or assessed in view of the willful and deliberate character of such infringement of the '847 patent by Connectix, pursuant to 35 U.S.C. § 284;

E. Finding that this case is "exceptional," thus entitling VMware to an award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

F. Awarding such other relief as the Court deems proper.

Dated: February 14, 2003

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: [signature]
Irwin R. Gross

Attorneys for Plaintiff
VMWARE, INC.

**Jury Trial Demanded**

Plaintiff VMware, Inc. hereby demands a jury trial.

Dated: February 14, 2003

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: [signature]
Irwin R. Gross

Attorneys for Plaintiff
VMWARE, INC.