WILLIAM SLOAN COATS (State Bar No. 94864)
VICKIE L. FEEMAN (State Bar No. 177487)
MARK R. WEINSTEIN (State Bar No. 193043)
RORY G. BENS (State Bar No. 201674)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    (650) 614-7400
Facsimile:    (650) 614-7401

Attorneys for Defendants
Connectix Corporation and Microsoft Corporation

Isabella Fu (State Bar No. 154677)
MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA  98052
Telephone:    (425) 722-4846
Facsimile:    (425) 936-7329

Attorney for Defendant Microsoft Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VMWARE, INC, | CASE NO:  C 03-00654 JW |
| Plaintiff, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| CONNECTIX CORPORATION, MICROSOFT CORPORATION, | |
| Defendants. | |

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

ANSWER TO FIRST AMENDED COMPLAINT
NO. C 03-00654 JW

Defendants Connectix Corporation ("Connectix") and Microsoft Corporation ("Microsoft") hereby answer the First Amended Complaint of plaintiff VMware, Inc. ("VMware") as follows:

## The Parties

1. Connectix and Microsoft lack sufficient information to admit or deny and on that basis deny the allegations of Paragraph 1 of the First Amended Complaint.

2. Connectix and Microsoft admit the allegations of Paragraph 2 of the First Amended Complaint.

3. Connectix and Microsoft admit the allegations of Paragraph 3 of the First Amended Complaint.

## Jurisdiction and Venue

4. Connectix and Microsoft admit that the First Amended Complaint purports to state a cause of action over which this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) because it contains a claim for patent infringement. Connectix and Microsoft deny any and all remaining allegations of Paragraph 4 of the First Amended Complaint.

5. Connectix and Microsoft admit that Connectix is a California corporation with its principal place of business in the Northern District of California. Connectix and Microsoft deny any and all remaining allegations of Paragraph 5 of the First Amended Complaint.

6. Connectix and Microsoft admit that Microsoft conducts business in California. Connectix and Microsoft deny any and all remaining allegations of Paragraph 6 of the First Amended Complaint.

7. Connectix and Microsoft admit, for purposes of this action only, that venue is proper in this judicial district. Connectix and Microsoft deny any and all remaining allegations of Paragraph 7 of the First Amended Complaint.

## Background Facts

8. Connectix and Microsoft admit that VMware states that it is in the business of providing virtual machine software for IBM PC and compatible computers and servers.

1  Connectix and Microsoft deny any and all remaining allegations of Paragraph 8 of the First
2  Amended Complaint.

3       9.     Connectix and Microsoft admit that Connectix is in the business of
4  providing virtual machine software for personal computers and servers. Connectix and Microsoft
5  deny any and all remaining allegations of Paragraph 9 of the First Amended Complaint.

6       10.    Connectix and Microsoft admit that Microsoft is in the business of
7  providing operating system software for IBM PC and compatible computers and servers.
8  Connectix and Microsoft admit that Microsoft announced an acquisition the assets of the virtual
9  machine solutions of Connectix on February 19, 2003. Connectix and Microsoft deny any and all
10  remaining allegations of Paragraph 10 of the First Amended Complaint.

11  **Cause of Action of Alleged Patent Infringement**

12      11.    Connectix and Microsoft incorporate their answers to Paragraphs 1 through
13  10 of the First Amended Complaint as if set forth fully herein.

14      12.    Connectix and Microsoft admit that on its face U.S. Patent No. 6,496,847
15  B1 ("the '847 Patent") indicates it issued on December 17, 2002 to VMware, Inc. Connectix and
16  Microsoft deny any and all remaining allegations of Paragraph 12 of the First Amended
17  Complaint.

18      13.    Connectix and Microsoft deny each and every allegation of Paragraph 13
19  of the First Amended Complaint.

20      14.    Connectix and Microsoft deny each and every allegation of Paragraph 14
21  of the First Amended Complaint.

22      15.    Connectix and Microsoft deny each and every allegation of Paragraph 15
23  of the First Amended Complaint.

24      16.    Connectix and Microsoft deny each and every allegation of Paragraph 16
25  of the First Amended Complaint.

26      17.    Connectix and Microsoft deny each and every allegation of Paragraph 17
27  of the First Amended Complaint.

28

Orrick
Herrington
& Sutcliffe LLP
Silicon Valley

-2-

ANSWER TO FIRST AMENDED COMPLAINT
No. C 03-00654 JW

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Non-Infringement

Connectix and Microsoft do not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '847 Patent.

### Second Affirmative Defense: Invalidity/Unenforceability

Each claim of the '847 Patent is invalid and/or unforceable for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense: Estoppel

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the Patents-at-issue, specifically the admissions, representations, and amendments made on behalf of the applicants for such patents, VMware is estopped from asserting any construction of the claims of the '847 Patent that covers any activity engaged in or product sold by Connectix or Microsoft.

### Fourth Affirmative Defense: Standing

Connectix and Microsoft allege on information and belief that VMware lacks standing to bring the claims and/or requests for relief contained in its First Amended Complaint.

### Fifth Affirmative Defense: Unavailability of Relief

VMware has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and is not entitled to any alleged damages prior to providing any actual notice to Connectix and Microsoft of the '847 Patent.

### Sixth Affirmative Defense: Inequitable Conduct

The '847 Patent is unenforceable due to inequitable conduct. During the second half of 1997, one of the individuals listed as an inventor on the '847 Patent worked on a system that embodied Claim 1 of the '847 Patent, and possibly other claims, while employed by an entity other than VMware. Specifically, the system created by this individual included, among other things, a virtual machine monitor (VMM) and a host operating system (HOS) at the system level, which VMware claimed was an inventive feature distinguishing Claim 1 over the prior art.

VMware did not disclose this individual's prior work to the Patent and Trademark Office in connection with its efforts to obtain the '847 Patent. On information and belief, VMware deliberately concealed this material information to hide the other entity's potential ownership interest in the patent.

### Seventh Affirmative Defense: Failure to State a Claim

The First Amended Complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, Connectix and Microsoft pray that the Court:

A. Enter judgment in favor of Connectix and Microsoft, and against VMware, thereby dismissing VMware's First Amended Complaint in its entirely, with prejudice, VMware to take nothing by way of its claims;

B. Find that each of the claims of the '847 Patent are not infringed by any actions of Connectix and Microsoft, or any of their customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C. Find that the '847 Patent is invalid and unenforceable;

D. Deny each and every VMware request for injunctive relief;

E. Order VMware to pay the costs and reasonable attorney's fees incurred by Connectix and Microsoft in responding to this action pursuant to 35 U.S.C. §§ 284 and 285; and

F. Grant Connectix and Microsoft such other and further relief as this Court deems just and warranted under the circumstances.

### JURY DEMAND

Connectix and Microsoft demand a trial by jury as to all issues so triable.

///
///
///
///
///

1
2  Dated: March 6, 2003.                    Respectfully submitted,
3                                           WILLIAM SLOAN COATS
                                            VICKIE L. FEEMAN
4                                           MARK R. WEINSTEIN
                                            RORY G. BENS
5                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
6
7
                                              /s/  Rory G. Bens  /s/ for
8                                                   Vickie L. Feeman
                                                  Attorneys for Defendants
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
DOCSSV1:223843.1
28

Orrick
Herrington
& Sutcliffe LLP                                                ANSWER TO FIRST AMENDED COMPLAINT
Silicon Valley              -5-                                NO. C 03-00654 JW